FILED

2024 Dec-19  AM 10:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PATRICK DEWAYNE HALL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **2:19-cv-8032-LSC** |
| | ) | **(2:15-cr-00283-LSC-HNJ-1)** |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OF OPINION

## I.    Introduction

On September 18, 2024, a panel of the Eleventh Circuit Court of Appeals issued an opinion vacating this Court's September 16, 2022, memorandum of opinion and order dismissing this action, and remanding the case back to this Court pursuant to *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992). *See Patrick Dewayne Hall v. United States*, 2024 WL 4224964, No. 22-13556 (Sept. 18, 2024). The Eleventh Circuit instructed this Court to address Petitioner, Patrick Dewayne Hall's ("Hall")'s, claim that his trial counsel was ineffective for failing to prepare his case, file motions, request discovery or investigate a defense prior to the change-of-plea hearing. *See id.* at *2. The Eleventh Circuit also instructed that this Court should, "if

necessary, make sufficiently clear findings" on these additional claims raised by Hall:

> (2) trial counsel was ineffective for misadvising him that it did not matter if he was charged related to heroin even if he was not involved in dealing heroin;
>
> (3) trial counsel was ineffective for failing to consult with him about forfeiture and for allowing the government to seek forfeiture;
>
> (4) trial counsel was ineffective for misadvising him that he had to plead guilty to all charges;
>
> (5) trial counsel's conduct was sufficient for presumed prejudice under *United States v. Cronic*, 466 U.S. 648 (1984); and
>
> (6) trial counsel was ineffective for failing to file a motion pursuant to *Kastigar v. United States*, 406 U.S. 441 (1972), and for failing to challenge the government's response to the Presentence Investigation Report when the government used immune information from his proffer session in support of the drug attribution amount.

*See id.* at *1.

The Court appointed counsel for Hall and, on December 3, 2024, held an evidentiary hearing. The parties filed post-hearing briefs. For the following reasons, the claims in Hall's motion are due to be denied and this action dismissed.

## II.   Discussion

### A.   Hall's claim that counsel was ineffective for failing to prepare his case, file motions, request discovery or investigate a defense prior to the change-of-plea hearing (Claim 1 in the COA)

The Court of Appeals remanded this matter for this Court to address Hall's claim that "trial counsel was ineffective for failing to prepare his case, file motions, request discovery or investigate a defense prior to the change-of-plea hearing." Here and there, Hall's 300-plus page § 2255 motion included short allegations that counsel failed to investigate, file motions, and request discovery, and he also argued that counsel was ineffective for failing to subject the case to "meaningful adversarial testing." (Doc. 1 at 46.) However, Hall failed to identify any particular action counsel should have taken, other than filing a motion to suppress, which this Court addressed and rejected in its opinion. (Doc. 23 at 35-36.) Thus, Hall failed to allege anything in counsel's representation before the plea hearing that would amount to prejudice. In other words, he failed to plead any facts that, if true, establish "a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

During the evidentiary hearing, Hall was specifically asked what action counsel should have undertaken to "prepare the case" and properly "investigate a defense prior to the change of plea hearing." (Transcript of evidentiary hearing, doc. 42 (hereinafter "tr.") at 36.) Hall's responses were that counsel should have: (1) filed a motion to suppress (*id.*), a claim that this Court has already addressed and rejected (doc. 23 at 35-36); (2) filed a motion challenging count 72 as duplicitous (tr. at 37), also something addressed in the original opinion (doc. 23 at 20-22); (3) filed an

objection to the Guidelines enhancement under 2S1.1 (tr. at 39), also something addressed in the original opinion (doc. 23 at 22-23); (4) interviewed Hall's co-defendants regarding the drug attribution amount (tr. at 37-38); and (5) filed a motion challenging the fact that heroin was also included in the conspiracy charged in Count 1 in addition to cocaine (tr. at 38). Thus, of the five things identified by Hall as actions counsel should have taken, only two have not already been addressed and rejected by this Court.

Both of those "new" claims are without merit as well. With regard to interviewing Hall's co-defendants, as Hall's trial counsel testified, Hall's co-defendants were represented by their own attorneys, so trial counsel could not just "interview them." (Tr. at 68.) Moreover, most of Hall's co-defendants cooperated with the government, including Hall's own brother and other high-level members of the conspiracy. (*See* Presentence Investigation Report at 14-16.) This Court has also already found that the support for the drug quantities attributable to Hall came from: (1) evidence obtained during the investigation of the conspiracy; (2) Hall's testimony as a cooperator: and (3) the testimony of Hall's co-defendants. (Doc. 23 at 29-33.) Thus, the record contradicts any contention that, had counsel been able to interview Hall's co-defendants, the outcome would have been different.

Regarding whether Count 1 charged two different conspiracies, Hall's trial counsel addressed and remedied Hall's concern before the plea. Hall testified that he

rejected an original plea agreement—one he received a month before the change-of-plea hearing—because it involved heroin, "a drug [Hall] never saw or sold before in [his] life." (Tr. at 17.) Based on Hall's concern, trial counsel and the government amended the plea agreement to include: "[w]hile Patrick Hall did not personally get involved in selling heroin, numerous other members of the organization sold heroin alongside the cocaine that Hall supplied them with." (Criminal Docket Entry (hereinafter "Cr. Doc.") 160 at 6 n.1; Tr. at 66.) In addition, the stipulated drug amount in Hall's plea agreement was based only on cocaine. (Cr. Doc. 160 at 26.) The cocaine amount was the quantity used for sentencing purposes. (Doc. 23 at 30.) Thus, trial counsel's failure to challenge Count 1 as charging two separate conspiracies, which would have been a meritless argument, resulted in no prejudice to Hall. In other words, the inclusion of heroin in the indictment could not have been a basis upon which to refuse to plea and instead go to trial.

Related to the above argument about the heroin conspiracy is Hall's testimony at the evidentiary hearing that he was deemed a "leader" of the conspiracy when he was not involved with heroin, and that his counsel should have objected to his designation as a leader. (Tr. at 43.) Hall also testified that the undersigned stated at his sentencing that Hall was a "leader" of the conspiracy because the undersigned presided over Hall's co-defendant's trial. (*Id.* at 40.) Hall suggested that this was inappropriate because he was not present at that trial. (*Id.*) However, the factual basis

section of Hall's signed plea agreement stated that Hall was the "head" of the organization and "occupies a position of authority" within the organization. (*See* Cr. Doc. 160 at 10-11 (sealed)). Accordingly, it was  not necessary for the undersigned to have referred to Hall's co-defendant's trial when finding that he was a leader of the conspiracy at Hall's sentencing because Hall had already pled guilty to as much.

During the evidentiary hearing, Hall also testified that he pleaded guilty because trial counsel coerced him into lying during the change-of-plea hearing by telling him, "I got you a deal for five years" "[a]nd if you piss the judge off because he is waiting on us, you are going to be facing life." (Tr. at 22.) This Court had already rejected a claim by Hall that his plea was not knowing and voluntary. (*See* Doc. 23 at 18 ("Hall's sworn statements to the Court [during the plea hearing] with respect to the plea agreement wholly refute his claim that he lacked an adequate understanding thereof. Hall specifically denied that anyone had threatened, forced, or coerced him to accept the plea deal.")). And at the evidentiary hearing, Hall's trial counsel denied telling Hall that, if Hall pleaded guilty, he would receive a sentence of five years, despite facing a term of life imprisonment. (*Id.* at 62-63.) The Court finds that trial counsel's testimony was credible, and Hall's testimony was not. As was pointed out during the evidentiary hearing, Hall previously asserted within his § 2255 motion that trial counsel promised him an 84-month sentence (at one point in the motion) and an 87-month sentence (at another point in the motion). (Tr. at 50.)

Hall provided no explanation for the inconsistencies. As this Court previously found, moreover, even assuming counsel gave Hall bad information about a likely sentence, Hall cannot establish prejudice based on the colloquy conducted by this Court. (Doc. 23 at 14 ("While Hall now alleges that he only agreed to a guilty plea in reliance on Mr. Appell's alleged promise that he would receive a sentence of eighty-seven months' imprisonment, Hall cannot establish prejudice on the mere basis that he had hoped for a lesser sentence" because he was informed during the colloquy that "he could not rely" upon any sentencing "estimations" until the "sentencing hearing.").

In sum, Hall's allegations that trial counsel's performance was deficient in prior to his guilty plea are rejected.

**B.    Hall's claim that trial counsel was ineffective for misadvising him that it did not matter if he was charged related to heroin even if he was not involved in dealing heroin (Claim 2 in the COA)**

This claim is denied for the reasons stated in the above section.

**C.    Hall's Claim 3 in the COA regarding forfeiture**

*Clisby* applies to "cognizable claims." *Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010). Hall's forfeiture claim is not cognizable in these proceedings and does not fall under *Clisby*. Put simply, Hall "cannot utilize § 2255 to challenge his restitution." *Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009) (citation omitted). "[G]ranting a restitution reduction in a § 2255 motion would be taking an action clearly not authorized by the statute's language." *Id.* at 1211

(citation omitted); *see also Saldana v. United States*, 273 F. App'x 842, 844 (11th Cir. 2008) (noting with approval the district court's rejection of § 2255 petitioner's argument that "he was provided ineffective assistance of counsel because his attorney failed to challenge the sufficiency of the evidence supporting the forfeiture orders" because, "in its analysis, the district court stated that a challenge to a forfeiture order is outside the scope of a § 2255 proceeding"). Thus, for purposes of *Clisby*, there is no need to address Hall's forfeiture claim.

**D.    Hall's claim that trial counsel was ineffective for misadvising him that he had to plead guilty to all charges (Claim 4 in the COA)**

This claim is denied for the reasons stated in section A., above.

**E.    The *Cronic* claim (Claim 5 in the COA)**

In *Cronic,* the Supreme Court recognized that certain circumstances "are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." 466 U.S. at 659. Prejudice is presumed where "there is a complete denial of counsel at a critical stage of the trial." *Castillo v. Fla., Sec'y of Dep't of Corr.*, 722 F.3d 1281, 1286 (11th Cir. 2013). Such a circumstance gives rise to "structural error" because it "affects the framework within which the trial proceeds." *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991). However, *Cronic* represents a narrow exception to the general framework for assessing ineffective assistance, and "the burden of proof under *Cronic* is a very heavy one." *Stone v.*

*Dugger*, 837 F.2d 1477, 1479 (11th Cir. 1988) (emphasis and quotation marks omitted). Hall has failed to establish that *Cronic* applies here.

**F.    The *Kastigar* claim (Claim 6 in the COA)**

The COA asked whether this Court failed to address Hall's contention that "trial counsel was ineffective for failing to file a motion pursuant to *Kastigar v. United States*, 406 U.S. 441 (1972), and for failing to challenge the government's response to the Presentence Investigation Report when the government used immune information from his proffer session in support of the drug attribution amount." (Doc. 32 at 3.) This Court's previous opinion did not reference *Kastigar* or Hall's contention that he provided information regarding drug quantities under a promise of immunity. However, this Court did address and reject Hall's claim that his plea in accordance with the plea agreement was unknowing and involuntary, as well as Hall's claim that counsel was ineffective for withdrawing an objection to the drug amount used for sentencing. (Doc. 23 at 29-33.) This Court found that the decision to withdraw the objection was strategic and reasonable due to a desire to keep the plea agreement intact. (*Id.* at 31-32.) Based on that finding and those related to Hall's contentions that his plea was coerced and involuntary, this Court finds that Hall's claim that the "government used immune information from his proffer session in support of the drug distribution amount" lacks merit. This Court found that "Hall stipulated to the drug attribution amount as part of his plea agreement." (Doc. 23 at

30 (citing Cr. Doc. 160 at 26)). This Court noted, "During his change-of-plea hearing, Hall further confirmed . . . that his signature on page thirty four of the plea agreement was an acknowledgement, stipulation, and agreement that the factual basis preceding his signature was true and correct[.]" (*Id.* at 30 (citation omitted)). The Presentence Investigation Report set forth the same drug attribution amount as the plea agreement. (*See* Doc. 23 at 30.) Thus, this Court already found that the drug attribution amount was based upon the amount stipulated to in the factual basis of the plea agreement, not upon some information obtained from Hall while he was under "a promise of immunity."

## III.    Conclusion

For the aforementioned reasons, Hall's claims are due to be denied and this action dismissed. Additionally, pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the Court has evaluated the claims for suitability for the issuance of a certificate of appealability ("COA"). Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue.  Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right."   This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition

should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.* The Court finds that reasonable jurists could not debate its resolution of the claims presented in this habeas corpus petition. Accordingly, a COA will not issue from this Court.

The Court will enter a separate order in conformity with this Memorandum of Opinion. The Clerk is **DIRECTED** to send a copy of the foregoing to the Eleventh Circuit Court of Appeals.

**DONE** and **ORDERED** on December 19, 2024.

_____
L. Scott Coogler
United States District Judge

160704